UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| W.G., a Minor, by and through, GLENN GANN, Natural Father and General Guardian<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL TROMBULAK and DEBORAH TROMBULAK,<br><br>Defendants. | Civil No. 2:24-cv-01678<br><br>COMPLAINT<br>JURY DEMAND |

## COMPLAINT

**COMES NOW** the Plaintiff, W.G., by and through his natural father and general guardian, Glenn Gann, (referred to hereinafter as "Plaintiff"), and files this Complaint against Defendants Michael Trombulak and Deborah Trombulak, alleging as follows:

### PARTIES, JURISDICTION & VENUE

1. At all times relevant hereto, Plaintiff was and is an individual domiciled in the State of South Carolina. Plaintiff submits himself to the jurisdiction of this Court.

2. Glenn Gann is the natural father and general guardian of Plaintiff. Glenn Gann has full custody of Plaintiff. At all times relevant hereto, Glenn Gann was and is an individual domiciled in the State of South Carolina.

3. At all times herein relevant hereto, Defendant Michael Trombulak (referred to hereinafter as "Defendant Michael") was and is an individual domiciled in the State of Pennsylvania at 870 Pine Grove Rd. Beaver, Beaver County, PA 15009.

- 1 -

- 2 -

4. At all times herein relevant hereto, Defendant Deborah Trombulak (referred to hereinafter as "Defendant Deborah") was and is an individual domiciled in the State of Pennsylvania at 870 Pine Grove Rd. Beaver, Beaver County, PA 15009.

5. Upon information and belief, Defendant Deborah is the mother of Defendant Michael.

6. There is complete diversity among the domicile of the parties.

7. This is an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and therefore within the jurisdictional requirements of this Honorable Court.

8. Jurisdiction is thus based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. The acts and omissions alleged in this Complaint occurred in Beaver County, Pennsylvania.

10. As such, venue if proper in the U.S. District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

11. On or around June 15, 2024, Plaintiff was visiting the home of Defendants located at 870 Pine Grove Rd. Beaver, Beaver County, PA 15009 (hereinafter, the "Property").

12. Plaintiff was escorted to the Property by his mother, Katelyn Gann.

13. Katelyn Gann was formerly married to Glenn Gann, Plaintiff's legal guardian.

14. Upon information and belief, Katelyn Gann is engaged to be married to Defendant Michael.

15. While Plaintiff was at the Property, Defendant Michael negligently decided to burn trash and other combustible materials in the backyard of the Property.

16. While burning the trash in the backyard of the Property, Defendant Michael negligently failed to ensure that Plaintiff was at a same distance from the fire.

17. Upon information and belief, there was no fire safety equipment at the Property or in the backyard while Defendant Michael was burning trash.

18. While the trash was burning, an explosion occurred which resulted in Plaintiff sustaining severe burns to his face, arms, and legs (hereinafter, the "Incident").

19. Plaintiff was hospitalized from the date of the Incident until July 1, 2024 for treatment of his burns.

20. Plaintiff has incurred medical expenses in excess of $280,000 as a result of his injuries caused by the Incident.

21. Defendant Deborah is the owner of the Property.

22. Upon information and belief, Defendant Deborah resides at the Property on a part-time basis.

23. Defendant Michael resides at the Property on a full-time basis.

24. At all times relevant hereto, Defendants exercised absolute control over the maintenance, upkeep, and actions taken at the Property.

### COUNT I—NEGLIGENCE AGAINST DEFENDNT MICHAEL

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully stated herein.

26. At the time of the Incident, Plaintiff was an invitee at the Property.

27. While Plaintiff was an invitee at the Property, Defendant Michael owed him a duty of ordinary care to keep the Property safe.

28. Defendant Michael breached that duty by:

    a. Burning trash in the backyard of the Property without proper safety precautions, including, but not limited to a burn barrel;

    b. Burning trash which contained items that would explode if exposed to heat generated by fire;

    c. Burning trash in the backyard of the Property with Plaintiff, a minor, too close to the fire;

    d. Burning trash in the backyard of the Property without fire safety or life safety equipment present.

29. Defendant Michael knew or should have known that burning trash in the backyard of the Property as alleged herein would create an unreasonable risk of injury from fire or explosion to invitees at the Property, including Plaintiff.

30. Defendant Michael's breaches alleged herein constitute negligence.

31. Defendant Michael's breaches alleged herein caused an explosion in the burning pile of trash which explosion severely injured Plaintiff and caused him to sustain damages, including, but not limited to, medical expenses, pain and suffering, emotional distress, and loss of enjoyment of life.

32. Defendant Michael's breaches alleged herein were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Michael for actual and consequential damages in an amount exceeding Seventy-Five Thousand ($75,000) Dollars; for an award of punitive damages against Defendant Michael that will punish Defendant Michael and deter Defendant Michael and others from like conduct; for costs and expenses incurred in this action; and for such other relief that this Court deems proper.

- 5 -

## COUNT II – NEGLIGENCE AGAINST DEFENDANT DEBORAH

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 of this Complaint as if fully stated herein.

34. At the time of the Incident, Plaintiff was an invitee at the Property.

35. While Plaintiff was an invitee at the Property, Defendant Deborah owed him a duty of ordinary care to keep the Property safe.

36. Defendant Deborah breached that duty by failing to ensure that the Property was equipped with fire and life safety equipment, including, but not limited to, a fire extinguisher.

37. Defendant Deborah knew or should have known that failing to ensure that the Property was equipped with fire and life safety equipment would create an unreasonable risk of injury from fire or explosion to invitees at the Property, including Plaintiff.

38. Defendant Deborah's breaches alleged herein constitute negligence.

39. Defendant Deborah's breaches alleged herein caused or contributed to Plaintiff sustaining severe burn injuries and damages, including, but not limited to, medical expenses, pain and suffering, emotional distress, and loss of enjoyment of life.

40. Defendant Deborah's breaches alleged herein were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Deborah for actual and consequential damages in an amount exceeding Seventy-Five Thousand ($75,000) Dollars; for an award of punitive damages against Defendant Deborah that will punish Defendant Deborah and deter Defendant Deborah and others from like conduct; for costs and expenses incurred in this action; and for such other relief that this Court deems proper.

## DAMAGES

41. Plaintiff adopts and re-alleges paragraphs 1-40 above, and incorporates them as if stated verbatim herein.

42. As a result of Defendants' negligence alleged herein, Plaintiff sustained the following damages:

   a. Physical injuries;

   b. Emotional and mental anguish and suffering;

   c. Loss of enjoyment of life;

   d. Past, present, and future medical and related expenses;

   e. Past, present, and future pain and suffering; and

   f. Permanent scarring and disfigurement.

43. The negligence and other alleged acts and/or omissions of Defendants were the proximate and/or contributing cause of the injuries to Plaintiff described herein.

44. The acts and/or omissions of Defendants constitute combined, concurrent, and joint negligence for which Defendants are jointly and severally liable to the Plaintiff.

45. As a result of Defendants' negligence, gross negligence, recklessness, willfulness, and wanton conduct, Plaintiff is entitled to an award of actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for:

   a. Judgment against Defendants for all actual, consequential, and punitive damages, together with interest as allowed by law;

   b. All costs and disbursements of this action to be taxed against Defendants;

    c. An award of attorney's fees;

    d. **Trial by jury**; and

    e. That Plaintiff have other such relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED, this the 11th day of December, 2024.

                */s/ Laura R. Signorelli*
                LAURA R. SIGNORELLI, ESQUIRE
                PA ID. No.: 69694
                *Attorney for Plaintiff*
                **Morgan & Morgan Philadelphia, PLLC**
                Two Gateway Center
                603 Stanwix Street
                Suite 1825
                Pittsburgh, PA 15222
                P: (412) 222-5533
                F: (412) 222-5582
                Email: lsignorelli@forthepeople.com